UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DONALD LEON WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>SHELL GAS STATION, et al.,<br><br>    Defendants. | Case No. 3:22-cv-03594-LB<br><br>**ORDER SCREENING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 16 |

The plaintiff, who represents himself and is proceeding in forma pauperis, sued Shell Gas defendants (a franchise gas station and the corporate franchisor) and a gas station employee (Sergio Williams) because Mr. Williams allegedly shot him fifteen times.[1] The court previously granted the plaintiff's application to proceed in forma pauperis.[2] The court also screened his initial complaint, holding that it did not establish diversity jurisdiction.[3] The plaintiff then filed an amended complaint claiming violations of federal and California law and seeking $302 million in damages.[4] Before

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 5.

[3] Order – ECF No. 10.

[4] Am. Compl. – ECF No. 16 at 4–6.

ORDER – No. 22-cv-03594-LB

directing the United States Marshal to serve the defendants with the amended complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B).

The amended complaint has two deficiencies: (1) it does not tell the whole story of what happened to the plaintiff (unlike the initial complaint), and (2) it still does not establish the court's jurisdiction.

First, the amended complaint leaves out most of what happened to the plaintiff, instead saying "see original[ly] file[d] complaint."[5] An amended complaint must "be complete in itself and not incorporate by reference allegations or exhibits in the original pleading." *Gutierrez v. Wells Fargo Bank*, No. C 08-05586 SI, 2009 WL 1068959, at *1 (N.D. Cal. Apr. 20, 2009) (citing N.D. Cal. Civ. L.R. 10-1). If the plaintiff files a second amended complaint, he must describe fully what happened to him.

Second, the amended complaint does not establish the court's jurisdiction.

Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g.*, *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar*, 519 U.S. at 68.

---

[5] *Id.* at 5.

The amended complaint does not establish diversity jurisdiction or federal-question jurisdiction. As to diversity, the plaintiff and two of the defendants (the franchise gas station and Mr. Williams) are citizens of California.[6] If the plaintiff files a second amended complaint, he can't sue any citizens of California, unless he asserts federal claims.

Candidly, it is unlikely that the plaintiff has any viable federal claims. The amended complaint relies on Mr. Williams's conviction for being a felon in possession of a firearm.[7] But the crimes of which Mr. Williams was convicted do not make the plaintiff's claims federal ones. Nor do the criminal statutes provide private rights of action or convey jurisdiction in civil actions. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citation omitted); *Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*, No. 12-cv-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012). Thus, there is no federal-question jurisdiction.

The plaintiff has two options. First, by August 30, 2022, he may file a notice of voluntary dismissal that will operate as a dismissal without prejudice to his pursuing his state claims in state court. Second, by the same date, he can file a second amended complaint that establishes this court's diversity jurisdiction by not naming any California citizens as defendants. If the plaintiff does not file a second amended complaint or a notice of dismissal by August 30, 2022, the case will be reassigned with the court's recommendation that it be dismissed for lack of federal subject-matter jurisdiction.

This resolves ECF No. 16.

**IT IS SO ORDERED.**

Dated: August 11, 2022

LAUREL BEELER
United States Magistrate Judge

---

[6] *Id.* at 3–4.

[7] *Id.* at 4.