United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DONALD LEON WRIGHT,

Plaintiff,

v.

EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US,

Defendant.

Case No. 22-cv-03594-LB

**ORDER DENYING MOTION TO JOIN MILA CABASEN**

Re: ECF No. 130

The plaintiff, who is representing himself, moves to join Mila Cabasen as a defendant in this diversity case.[1] The defendant filed a statement of non-opposition, noting that it has no knowledge of an individual by that name.[2] The plaintiff filed a related case in state court, where he named Ms. Cabasen as a defendant and described her as a "key principal" at the Shell gas station where the plaintiff was allegedly shot. In his complaint in the state case, the plaintiff provided the San

[1] Mot. – ECF No. 130. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Statement of Non-Opp'n – ECF No. 143.

United States District Court
Northern District of California

Leandro, California address of the gas station as Ms. Cabasen's address.[3] The plaintiff is a citizen of California.[4]

The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies the request to join Ms. Cabasen because the plaintiff has not established Ms. Cabasen's citizenship and it is thus unclear whether joining Ms. Cabasen would destroy diversity jurisdiction.

In a previous order, the court explained the concept of subject-matter jurisdiction:

> Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g.*, *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).
>
> There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar*, 519 U.S. at 68.[5]

Here, the court does not have federal-question jurisdiction because the claims are state-law claims. Also, because the plaintiff is a citizen of California, the court would lack diversity jurisdiction if Ms. Cabasen is a citizen of California. The court previously dismissed several of the plaintiff's complaints on the ground that the Shell gas station employees, and the Shell franchise itself, were California citizens.[6] Ms. Cabasen is likely a California citizen too, but in any case, the plaintiff has not carried his burden of showing that she is not. The court thus denies the motion.

---

[3] Compl. at 7, *Wright v. Cabasen*, No. 22CV024160 (Super. Ct. Alameda Cnty. Dec. 19, 2022). The court can judicially notice public-record documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

[4] Order – ECF No. 10 at 2 & n.5; Order – ECF No. 19 at 3 & n.6.

[5] Order – ECF No. 19 at 2.

[6] Orders – ECF Nos. 10, 19.

This resolves ECF No. 130.

**IT IS SO ORDERED.**

Dated: June 11, 2023

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California