UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DONALD LEON WRIGHT,<br><br>    Plaintiff,<br><br>        v.<br><br>EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US,<br><br>    Defendant. | Case No. 3:22-cv-03594-LB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 171 |

## INTRODUCTION AND STATEMENT

The plaintiff, who represents himself and is proceeding in forma pauperis, was shot fifteen times at a Shell gas station in San Leandro by Sergio Williams, who allegedly was an employee there. The plaintiff sued Equilon Enterprises LLC (doing business as Shell Oil Products US) for "negligent hiring or retention and respondeat superior."[1] In its answer to the complaint, the defendant alleged that it leases the gas station to Anabi Oil Corporation (and thus did not hire Mr. Williams) and that pursuant to a Wholesale Marketer Agreement, Anabi had agreed to indemnify and defend the defendant in the event of a lawsuit like this one.[2] Later, counsel for Anabi

---

[1] Am. Compl. – ECF No. 49 at 1–2 (¶¶ 4–5). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Answer – ECF No. 55 at 2 (¶ 5).

ORDER – No. 22-cv-03594-LB

United States District Court
Northern District of California

substituted in for the defendant's previous counsel.[3] The plaintiff also sued Anabi (among others, including Mr. Williams) in an ongoing state case.[4]

The defendant now moves for summary judgment on the grounds that it did not hire or retain Mr. Williams and even if it had, Mr. Williams' actions were not reasonably foreseeable.[5] The Manager of Customer Operations for Shell USA declares that under the Wholesale Marketer Agreement, "Shell gave Anabi the right to use Shell's logo and brand" at the subject gas station. But Shell does not own the gas station, did not and could not hire or supervise any employees there, and did not hire Mr. Williams.[6]

The plaintiff responds that he "agree[s] with [the d]efendant for summary judgment in [its] favor." He asks the court to remand the case to "join" it with the state case, because the defendants there — including Anabi and Mila Cabasen, who according to the plaintiff is the owner of the gas station — are the proper defendants. Elsewhere in his response, though, the plaintiff asks the court to deny summary judgment because he doesn't have enough discovery, although the discovery he does have shows that the defendant "lease[d] [the] property to Anabi." (This discovery is not attached to the plaintiff's submission.) Still, he reiterates his request for the case to be joined with the state case.[7]

The court has diversity jurisdiction. 28 U.S.C. § 1332. All parties consented to magistrate-judge jurisdiction.[8] *Id.* § 636(c). The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion: because the defendant did not hire or retain Mr. Williams, it is not liable as a matter of law.

---

[3] Letter – ECF No. 114 (Equilon's counsel explained that Anabi's counsel would substitute in); Order – ECF No. 125 (granting motion to substitute).

[4] *Wright v. Cabasen*, No. 22CV024160 (Super. Ct. Alameda Cnty. Dec. 19, 2022). The court can judicially notice public-record documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

[5] Mot. – ECF No. 171.

[6] Calhoun Decl. – ECF No. 171-1 at 2 (¶¶ 1–3).

[7] Resp. – ECF No. 193.

[8] Consents – ECF Nos. 12, 47.

## STANDARD OF REVIEW

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Devereaux*, 263 F.3d at 1076 (cleaned up). If the non-moving party does not produce evidence to show a genuine issue of material fact, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

Federal courts must construe pro se complaints liberally. *Hughes*, 449 U.S. at 9; *Hearns*, 413 F.3d at 1040. A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

## ANALYSIS

The plaintiff's claims for "negligent hiring or retention and respondeat superior" require that the defendant was Mr. Williams' employer. *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1054 (1996) ("California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee."); *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 491 (2014) (under the doctrine of respondeat superior, "an employer may be held vicariously liable for torts committed by an employee within the scope of employment"). But it is undisputed that the defendant was not Mr. Williams' employer because the defendant did not operate the subject gas station.[9] Thus, there is no genuine dispute about this material fact and the defendant is entitled to judgment as a matter of law.

The court notes that there is some uncertainty about the defendant's exact role with respect to the subject gas station. The plaintiff asserts that the defendant leased the property to Anabi, and the defendant's answer alleges the same.[10] But the defendant's declaration submitted with its motion for summary judgment says that it "does not own" the gas station.[11] Nonetheless, the

---

[9] Calhoun Decl. – ECF No. 171-1 at 2 (¶¶ 2–3); Resp. – ECF No. 193 at 1–2.

[10] Answer – ECF No. 55 at 2 (¶ 5); Resp. – ECF No. 193 at 2.

[11] Calhoun Decl. – ECF No. 171-1 at 2 (¶ 2).

plaintiff does not dispute that the defendant is not the owner, and instead asserts that the actual owner (Mila Cabasen) is a defendant in the plaintiff's state case.[12] (The plaintiff previously tried to name additional defendants in this case, including Ms. Cabasen, but the court ordered that doing so would destroy diversity jurisdiction.)[13] The bottom line is that the defendant merely licensed its trade dress for use at the gas station and did not employ anyone there.[14]

Finally, in the interest of covering all bases, the court also notes that even though Anabi indemnified the defendant, that does not make Anabi the real party in interest or a required party for joinder in this case. *Lewis v. Clarke*, 581 U.S. 155, 167 (2017). Nor could Anabi be added as a defendant in any case: it is a California corporation, so it would destroy diversity jurisdiction.[15]

In sum, because it is undisputed that the defendant did not employ Mr. Williams, the court grants the defendant's motion for summary judgment.

## CONCLUSION

The court grants the defendant's motion for summary judgment and will separately enter judgment in the defendant's favor.

This resolves ECF No. 171.

**IT IS SO ORDERED.**

Dated: August 31, 2023

LAUREL BEELER
United States Magistrate Judge

---

[12] Resp. – ECF No. 193 at 1–2.

[13] Orders – ECF Nos. 19, 146.

[14] Calhoun Decl. – ECF No. 171-1 at 2 (¶ 2).

[15] Articles of Incorporation of Anabi Oil Corp. (Oct. 15, 2003), https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/140115203114041146129059138144150000106121012116. The court judicially notices this public-record document. *Lee*, 250 F.3d at 689–90.